**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND MCLAUGHLIN, | ) | CASE NO.  4:20-cv-936 |
| | ) | |
| PETITIONER, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by *pro se* petitioner Raymond McLaughlin ("McLaughlin").[1] McLaughlin, a federal prisoner, seeks release to home confinement due to the COVID-19 outbreak at Federal Correctional Institution, Elkton ("FCI Elkton") in Lisbon, Ohio, where he is incarcerated.  (Doc. No. 1 ["Petition"] at 7-8.[2])  For the reasons that follow, the petition is dismissed.

---

[1]  McLaughlin also filed four amended petitions.  (Doc. Nos. 3, 4, 5, 6.)  In the spirit of liberal construction, the Court construes the amended petitions as supplements to the first-filed petition.  The amended petitions allege that the petitioner – "common law Raymond" – was not a party to the criminal case in which "Mclaughlin" was convicted and, therefore, is in federal custody in violation of "common law Raymond's" constitutional rights.  To the extent that McLaughlin is challenging his conviction, such challenges must be brought pursuant to 28 U.S.C. § 2255.  McLaughlin's claims in the amended petitions challenging his conviction are not cognizable under § 2241 and the amended petitions are dismissed.  *See Lose v. Merlak*, No. 4:16 CV 1532, 2016 WL 4079726, at *1 (N.D. Ohio Aug. 1, 2016) (Dismissing challenge to petitioner's sentence on the grounds that the relief sought was not available under § 2241 because "federal prisoners 'that seek to challenge their convictions or imposition of their sentence' must assert such claim in the sentencing court under § 2255.")  (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)).

[2]  Page number references are to page identification numbers generated by the Court's electronic docketing system.

Case: 4:20-cv-00936-PAB  Doc #: 7  Filed: 07/06/20  2 of 4.  PageID #: 52

## A. Background

According to the petition, the COVID-19 infection is rampant among inmates at FCI Elkton and the Federal Bureau of Prisons' ("BOP") response to the outbreak is inadequate and fails to comply with COVID-19 prevention guidelines issued by the Centers for Disease Control and Prevention ("CDC").  (*Id*. at 3-5.)  McLaughlin claims that he suffers from kidney disease and high blood pressure and the BOP's inadequate response to the COVID-19 outbreak at FCI Elkton fails to protect him from exposure to COVID-19 and protect his health and safety in violation of the Eighth Amendment of the United States Constitution.[3] (*Id*. at 1-5.)

## B. Discussion

Title 28 U.S.C. § 2243 requires the Court to conduct an initial screening of McLaughlin's petition.  *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  *Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed.  *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted).  This principle of liberal construction applies to petitions for a writ of habeas corpus.  *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  A petition will be denied "if it plainly appears from the petition … that the petitioner is not entitled to relief."  Rule 4 of Rules Governing § 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States."  *See* 28

U.S.C. § 2241(c)(3). A § 2241 petition "'is appropriate for claims challenging the execution or manner in which [a prisoner's] sentence is served.'" *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *5 (N.D. Ohio Apr. 22, 2020) (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)), vacated on other grounds 961 F.3d 829 (6th Cir. 2020). "It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies." *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (citing among authority *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)). That said, "*Luedtke* forbids a court from dismissing a § 2241 petition at the screening stage for failing to plead exhaustion or to attach exhibits with proof of exhaustion, but it does not prohibit a court from *sua sponte* dismissing a § 2241 petition where lack of exhaustion is apparent from the face of the pleading." *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (citing *Luedtke*, 704 F.3d at 466).

Here, McLaughlin states that his "life is presently in danger and said life could be lost by attempting to exhaust administrative procedures which are inadequate[.]" (Petition at 7.) Even with the benefit of liberal construction, it is apparent from the face of the petition that McLaughlin has not exhausted his administrative remedies.

Accordingly, to the extent that the Court could grant McLaughlin the relief he requests and to the extent the petition is not moot,[4] the petition is denied without prejudice because he has not first exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (affirming the district court's dismissal of §

---

[3] According to the BOP inmate locater, McLaughlin is 47 years old and his release date is August 30, 2020.

[4] McLaughlin states his home confinement date is June 1, 2020. (Petition at 7.)

3

2241 petition without prejudice where petitioner's failure to exhaust his administrative remedies was apparent on the face of the petition) (citing *Jones v Bock*, 549 U.S. 199, 214-16, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)); *see also Singleton v. Williams*, No. 4:20 CV 961, 2020 WL 2526990, at *1 (N.D. Ohio May 18, 2020) (dismissing without prejudice petition seeking release to home confinement due to COVID-19 where it is apparent from the face of the petition that petitioner has not exhausted his administrative remedies as required whether relief is sought pursuant to § 2241 or 18 U.S.C. § 3582) (citing *Settle*, 2017 WL 8159227, at *2; *Bronson,* 2020 WL 2104542, at **2-3); *Schmutzler v. Quintana*, No. CV 5: 19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019) (denying § 2241 petition without prejudice where petitioner admits that he has not exhausted remedies available with the BOP) (citing among authority *Luedtke*, 704 F.3d at 466).

## C. Conclusion

For the foregoing reasons, McLaughlin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice and dismissed.  The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


Date:    July 6, 2020                                      *S/Pamela A Barker*
                                                           Pamela A. Barker
                                                           U.S. District Judge